UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| SANTOS CANALES ORTIZ | * | CIVIL ACTION NO. 08-3792 "S" (2) |
| VERSUS | * | JUDGE MARY ANN VIAL LEMMON |
| DILER DIS TERIET, A.S., and/or YAZICI DEMIR CELIK SANAYI VE TURIZM TIERET, A.S.; ARCELOR INTERNATIONAL AMERICA, LLC; AMERICAN SHIPPING & CHARTERING; GREAT CREATION, INC., As Owner of the M/V GREAT CREATIONS, and/or SINOTRANS SHIPPING, LTD.; SVERIGES ANGFARTY'S ASSURANS (THE SWEDISH CLUB) | * | MAG. JUDGE JOSEPH C. WILKINSON, JR. |

\* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF MOTION FOR**
**SUMMARY JUDGMENT OF AMERICAN SHIPPING AND CHARTERING CORP.**

MAY IT PLEASE THE COURT:

Defendant American Shipping and Chartering Corp. ("American Shipping") at all relevant times was the agent for a charterer of the M/V GREAT CREATION.

Plaintiff, Santos Canales Ortiz was injured aboard the M/V GREAT CREATION when the lifting strap of a bundle of rebar parted, allowing the rebar to fall, injuring plaintiff's ankle. Exhibit A, Deposition of Plaintiff (hereinafter "Deposition"), pp. 133-134.

Plaintiff was employed by the discharging stevedore, Empire Stevedore Company. He was the foreman. Deposition, pp 28, 31 and 52. Empire was hired by Arcelor International America, LLC ("Arcelor"), the importer of the rebar. Exhibit B, Affidavit of Tor Bakken ("Affidavit"), ¶¶ 3 and 7, attached as Exhibit A to the Memorandum of Arcelor. The lifting loops were placed on the rebar at the cargo's point of origin in Turkey (Affidavit ¶6). Several lifting loops had broken on previous days during discharge, but plaintiff, as foreman, thought it was safe enough to work. Deposition, p. 77. He had the authority to halt the work if he thought the situation was too dangerous. Deposition, pp. 127-128. However, he did not halt operations as he thought that his crew could discharge the cargo safely. Deposition, p. 133. Plaintiff testified that the only problem with discharging the cargo was that the "loops were popping". Deposition, pp. 117-118.

American Shipping was the agent for a charterer of the vessel. Exhibit C, Unsworn Declaration Under Penalty of Perjury of Ralf Knickrehm (hereinafter "Declaration")

The only allegation against American Shipping is found in paragraph VI of the Petition for Damages, which states:

> American Shipping & Chartering, 1990 Post Oak Boulevard, Suite 1350, Houston, TX 70056, also made a defendant herein, was also involved in the discharge operation through authorizing the discharge operations and specifically authorizing overtime payments.

The stevedore was hired by the importer, Arcelor. American Shipping did not hire the stevedore or authorize the discharge operations. Declaration.

For economic reasons, a charterer may authorize the stevedore to work overtime to expedite the vessel's call at a port as the cost of the overtime can be less than the charter hire that the charterer is paying the vessel owner for the relevant period. This occurred in this instance. Declaration. However, such was not negligent or a basis for liability.

Plaintiff testified that there was nothing wrong with the method of discharge and that the sole cause of the accident was the popping of the lifting strap which was placed on the rebar bundle at the point of manufacture in Turkey.

Concerning the specific allegations against American Shipping, plaintiff testified in his deposition:

> Q. Mr. Canales, my name is Gordon Starling and I represent American Shipping & Chartering Corporation.
>
> Now, you as the foreman thought that you could safely discharge this cargo; is that correct?
>
> A. You're right.
>
> Q. So there's nothing wrong with a party authorizing that this cargo be discharged, is that correct?
>
> A. You're right.
>
> Q. Now, when the accident happened, were you working overtime at that point?
>
> A. No, sir.
>
> Q. Was there anything that authorized – if someone authorized overtime payments, was there anything improper or connected to your accident involved with authorizing overtime payments?
>
> A. No, sir.

Deposition, p. 133.

Although American Shipping did not authorize the discharge operations, even if it did, plaintiff testified there was nothing wrong with that. American Shipping did authorize overtime payments. However, plaintiff testified there was nothing improper in authorizing overtime payments and there was no connection between overtime payments and his accident. In fact, plaintiff testified he was not working overtime when the accident occurred.

Accordingly, as plaintiff specifically testified that nothing that American Shipping did contributed to his accident, plaintiff's claim against American Shipping should be dismissed.

Respectfully submitted,

*/s/ C. Gordon Starling, Jr.*

C. GORDON STARLING, JR. (#42408)
THOMAS A. RAYER, JR. (#20581)
WAGNER & BAGOT, L.L.P.
Poydras Center - Suite 2660
650 Poydras Street
New Orleans, Louisiana 70130-6158
Telephone: (504) 525-2141
Facsimile: (504) 523-1587
Attorneys for American Shipping and
    Chartering Corp.

## CERTIFICATE OF SERVICE

I do hereby certify that on September 14, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ C. Gordon Starling, Jr.*

C. GORDON STARLING, JR.

686-07 / 89940